## John W. Conroy and Nelson Spalding v. Barbara A. Townsend.

1.  PLEADING—*Evidence Need Not be Stated.*—The facts, not the evidence of them, are to be stated in the declaration.

2.  MALICIOUS PROSECUTION—*Signing Complaint Not Necessary.*— Two may join in charging a person with crime, though but one sign the complaint.

3.  SAME—*Identity of Plaintiff and Person Prosecuted.*—Whether a person suing for malicious prosecution was the person against whom the prosecution was directed, is matter of evidence, whatever may be the name in the complaint and warrant.

**Trespass on the Case,** for malicious prosecution. Appeal from the Circuit Court of Cook County; the Hon. FRANK BAKER, Judge, presiding. Heard in this court at the October term, 1896. Affirmed. Opinion filed March 8, 1897.

B. M. SHAFFNER, attorney for appellants.

EDWARD H. MORRIS, attorney for appellee.

MR. JUSTICE GARY DELIVERED THE OPINION OF THE COURT.

The real question here is, whether the appellants maliciously, and without probable cause, prosecuted the appellee

upon a charge that she had threatened to kill, and to do great bodily injury to the appellant Spalding.

The language of the declaration as to their joint action is, that they, before a justice, "charged" her with the offense. The evidence on her part was that the appellants were together at the office of the justice—that Spalding swore to the complaint—that Conroy gave the warrant thereon and a dollar to the constable, and went with him and pointed out the appellee as the person to be arrested. In the complaint and warrant Mrs. J. Pointer was designated as the person against whom the prosecution was directed, by which name of Pointer the appellee was often called, having had a former husband of that name.

In all this there is no variance. The facts, not the evidence of them, are to be stated in the declaration.

Two may join in charging a person with crime, though but one sign the complaint. 14 Am. & Eng. Ency. of Law, 38.

Whether the appellee was the person against whom the prosecution was directed was matter of evidence, whatever the name in the complaint and warrant.

If the jury paid any attention to the voluminous instructions they had a fair presentation of all the law applicable to the case before them as a guide, and it is unnecessary to spend time and occupy space upon a subject so familiar.

The evidence was conflicting. If any of it was to be believed, the jury were to determine what. The damages, $300, are not extravagant for a case where a woman is plaintiff in an action in which vindictive damages may be awarded. The judgment is affirmed.